■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. BLAND, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (King,

J.), rendered August 5, 1987, convicting him of criminal possession of a weapon in the third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, that branch of his omnibus motion which was to suppress the complainant's in-court identification testimony was properly denied for reasons stated by the hearing court in its memorandum decision dated April 27, 1987.

The defendant further contends that his conviction was contrary to the weight of the evidence on the ground that his co-perpetrator, who pleaded guilty to grand larceny in the fourth degree and who was sentenced to one year in jail in connection with this incident, testified that he alone was responsible for the theft of the complainant's gun and that the defendant was never in possession of the gun. However, the jury was not bound to accept the co-perpetrator's testimony. Rather, the jury could find, based upon the testimony of the complainant and the arresting officer, that the defendant was acting in concert with the co-perpetrator. As we have repeatedly held, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are either without merit, concern harmless error, or are unpreserved for appellate review (see, CPL 470.05 [2]) and we decline to review them in the exercise of our interest of justice jurisdiction. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.